UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SHAWN K. LAYELL,
Debtor-Appellant,

v.

HOME LOAN AND INVESTMENT BANK,

No. 99-1744

F.S.B.,
Defendant-Appellee,

KEITH L. PHILLIPS, Trustee,
Party-in-Interest.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-98-652-3, BK-97-38756-DOT, AP-98-03025-A)

Argued: March 2, 2000

Decided: April 13, 2000

Before WILKINS and LUTTIG, Circuit Judges, and
James H. MICHAEL, Jr., Senior United States District Judge
for the Western District of Virginia, sitting by designation.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Henry Woods McLaughlin, III, CENTRAL VIRGINIA
LEGAL AID SOCIETY, INC., Richmond, Virginia, for Appellant.
Damon William Dunstan Wright, VENABLE, BAETJER, HOWARD

& CIVILETTI, Washington, D.C., for Appellee. **ON BRIEF:** Lawrence B. Bernard, VENABLE, BAETJER, HOWARD & CIVILETTI, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Shawn K. Layell appeals an order of the district court affirming in part and reversing and remanding in part two orders of the bankruptcy court that primarily granted judgment against Layell in an adversary proceeding in which Layell sought rescission of a loan agreement pursuant to the Truth in Lending Act (TILA or "the Act"), see 15 U.S.C.A. §§ 1601-1677 (West 1998). We dismiss the appeal as interlocutory.

I.

As relevant here, TILA requires a lender to disclose to a borrower the finance charge associated with a loan, see id. § 1638(a)(3), and entitles the borrower to sue for rescission of a loan upon the initiation of any foreclosure process on his principal dwelling if the lender's finance charge disclosure was not accurate, see id. § 1635(i); 12 C.F.R. § 226.23(a) (1999). TILA defines the term "finance charge" generally as "the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit." 15 U.S.C.A. § 1605(a). When a loan is secured by an interest in real property, however, TILA specifically provides that"[f]ees for preparation of loan-related documents" are not included in the finance charge. Id. § 1605(e)(2). Further, regulations promulgated by the Federal Reserve Board pursuant to TILA exclude from the definition of "finance charge" under such circumstances"[f]ees for preparing loan-

2

related documents, such as deeds, mortgages, and reconveyance or settlement documents" provided the fees are "bona fide and reasonable in amount." 12 C.F.R. § 226.4(c)(7)(ii) (1999); see 15 U.S.C.A. § 1604(a) (providing authority for the promulgation of regulations interpreting TILA).

In 1996, Layell refinanced a mortgage on residential property that he inherited from his mother and which was his primary residence. Home Loan and Investment Bank, F.S.B. (Home Loan) loaned Layell $48,188, secured by a mortgage on the property. In connection with the closed-end credit transaction, the settlement attorney delivered to Layell a disclosure statement stating that the amount financed by the loan was $44,916.03 and the finance charge was $143,160.33. The attorney also provided Layell with a statement itemizing the settlement charges that were to be paid from the loan proceeds. These charges were not disclosed as finance charges. The two charges relevant to this appeal are a $16 recording fee and a $175 fee payable to the attorney's firm for document preparation. The $16 recording fee represented the amount charged by the Henrico County, Virginia Clerk's Office for recording the release of a lien connected with the mortgage Layell repaid in conjunction with the refinancing. The $175 fee represented $50 for preparation of a quitclaim deed and $125 for preparation of loan-related documents.

Five months after settlement of the loan, Layell ceased making payments, and Home Loan subsequently instituted foreclosure proceedings. After receiving notice of the foreclosure, Layell declared to Home Loan that the credit transaction was rescinded pursuant to 15 U.S.C.A. § 1635(i).

On the date of the foreclosure sale, Layell filed for bankruptcy pursuant to Chapter 7, resulting in the automatic stay of the foreclosure. See 11 U.S.C.A. § 362(a) (West 1993 & Supp. 1999). When Home Loan filed a motion for relief from the automatic stay, see 11 U.S.C.A. § 362(f) (West 1993), Layell filed an adversary complaint against Home Loan alleging that he was entitled to rescind the loan agreement.[1] Layell contended at trial that more than $35 of the $175

_____

[1] Layell subsequently amended his complaint, but the substance of the amendment is not relevant here.

3

document preparation fee was attributable to the preparation of documents required by TILA and the Real Estate Settlement Procedures Act (RESPA) of 1974, see 12 U.S.C.A. §§ 2601-2617 (West 1989 & Supp. 1999), and that the amount attributable to preparation of those documents constituted a finance charge because the charge for preparing these documents was not "bona fide" within the meaning of 12 C.F.R. § 226.4(c)(7)(ii). As for the $16 recording fee, Layell contended that it was a finance charge because it had not been paid to the Henrico County Clerk's Office at the time he sought rescission.

The bankruptcy court simultaneously held a hearing on Home Loan's motion for relief from the automatic stay and conducted a trial of the adversary proceeding. In separate orders entered on June 23, 1998, the bankruptcy court granted Home Loan's motion for relief from the automatic stay and dismissed with prejudice Layell's amended complaint in the adversary proceeding, holding in relevant part that neither the $16 fee nor the $175 fee constituted an undisclosed finance charge.

On appeal, the district court agreed with the bankruptcy court regarding the $16 fee but concluded that the bankruptcy court erred in not determining that a "fee charged for the preparation of a TILA disclosure statement must be considered a finance charge." Layell v. Home Loan & Inv. Bank, F.S.B., 244 B.R. 345, 348-51 (E.D. Va. 1999). On this basis, the district court remanded to the bankruptcy court for a determination of the amount of the document preparation fee attributable to the preparation of "the TILA disclosure statement."[2] Id. at 351.

Layell now appeals to this court, contending that the district court erred in not also holding that any part of the fee attributable to the preparation of documents required by RESPA was an undisclosed finance charge.

_____

[2] Layell contends that the order of the district court applies to the fees attributable to preparation of all documents that TILA required. However, the ruling of the district court clearly is limited to "the TILA disclosure statement." Id. at 351.

4

II.

Although Home Loan does not challenge our jurisdiction to hear this appeal, "the Court is obligated to review its jurisdiction sua sponte in all cases." United States v. Blackwell, 900 F.2d 742, 746 (4th Cir. 1990). We conclude that we do not have jurisdiction because the district court order is not final. See Foremost Guar. Corp. v. Community Sav. & Loan, Inc., 826 F.2d 1383, 1386 (4th Cir. 1987) (explaining that interlocutory appeals from orders of district courts prior to entry of final judgment generally are not permitted).

District courts have jurisdiction over appeals from final judgments of bankruptcy courts. See 28 U.S.C.A. § 158(a) (West Supp. 1999). We, in turn, have jurisdiction to hear appeals from "final decisions, judgments, orders, and decrees entered under" 28 U.S.C.A. § 158(a).[3] 28 U.S.C.A. § 158(d) (West 1993). "A final decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945) (internal quotation marks omitted). District court orders remanding to the bankruptcy court for further consideration generally are not final orders. See Legal Representative for Future Claimants v. Aetna Cas. & Sur. Co. (In re The Wallace & Gale Co.), 72 F.3d 21, 24 (4th Cir. 1995).

Here, the order appealed from clearly is not final because litigation on the merits has not ended; on remand, litigation will be necessary to determine whether more than $35 of the document preparation fee is attributable to the TILA disclosure statement. See Capitol Credit Plan of Tenn., Inc. v. Shaffer, 912 F.2d 749, 750 (4th Cir. 1990) (holding that district court order remanding for the bankruptcy court to address two arguments not previously addressed by the bankruptcy

_____

**3** We also have jurisdiction over appeals of certain interlocutory "collateral" orders, and we have discretionary authority to assume jurisdiction over appropriately certified interlocutory orders. See Legal Representative for Future Claimants v. Aetna Cas. & Sur. Co. (In re The Wallace & Gale Co.), 72 F.3d 21, 24 (4th Cir. 1995). However, the district court order here clearly is not a "collateral" order, see Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949), nor has it been certified pursuant to 28 U.S.C.A. § 1292(b) (West 1993).

court was not a final decision).**4** Indeed, if the bankruptcy court determines that more than $35 of the document preparation fee is attributable to the TILA disclosure statement, Layell's allegation of error will become moot. Accordingly, the order of the district court is not an appealable order, and we must dismiss this appeal for lack of jurisdiction. Because we lack jurisdiction to hear this appeal, we express no opinion regarding the merits.

III.

Because we conclude that the district court order did not end the litigation on its merits, we hold that it was not a final order and that we lack jurisdiction over this appeal.

DISMISSED

_____

**4** We note that in Cooper v. Delaware Valley Shippers (In re Carolina Motor Express, Inc.), 949 F.2d 107 (4th Cir. 1991), rev'd on other grounds sub nom. Reiter v. Cooper, 507 U.S. 258 (1993), a panel of this court followed the practice adopted in certain jurisdictions of applying a "relaxed" definition of "final district court order" when the district court has reviewed a final bankruptcy court order. Cooper, 949 F.2d at 108 n.1. Applying the more relaxed definition, this court held in Cooper that a district court order was final when the order reversed a final bankruptcy court judgment even though the order also referred a question affecting the merits of the case to the Interstate Commerce Commission. See id. at 108 & n.1. However, because Cooper conflicts with Shaffer and Shaffer preceded Cooper, we are bound to follow Shaffer. See Harter v. Vernon, 101 F.3d 334, 343 (4th Cir. 1996) (Luttig, J., dissenting from denial of rehearing en banc) (stating that when two published Fourth Circuit panel opinions conflict, the law as stated in the earlier opinion controls).